JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Willis Williams ("Williams"), appeals the common pleas court's denial of his petition for postconviction relief. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1979, Williams was convicted of aggravated murder and aggravated robbery. This court affirmed his convictions in State v.Williams (Aug. 7, 1980), Cuyahoga App. No. 41207. The Ohio Supreme Court denied leave to appeal.
 {¶ 3} In 1982, Williams filed his first petition for postconviction relief ("1982 petition"), which was denied by the trial court and subsequently affirmed by this court. State v. Williams (June 23, 1983), Cuyahoga App. No. 46034.
 {¶ 4} Williams filed his second petition for postconviction relief on July 27, 2002. The trial court summarily denied his petition without an evidentiary hearing.
 {¶ 5} Williams appeals, raising five assignments of error, which will be addressed together and out of order where appropriate.
 Petition for Postconviction Relief {¶ 6} Williams' first, third, and fifth assignments of error, pertain to the trial court's denial of his petition for postconviction relief.[1]
In his first assignment of error, Williams argues that the trial court erred in dismissing his petition for postconviction relief pursuant to a retroactive application of the statute. In his third and fifth assignments of error, Williams argues that he was denied due process when his petition was dismissed without an evidentiary hearing.
 {¶ 7} The postconviction relief statute, R.C. 2953.21, was amended by Am.Sub. S.B. No. 4 ("Senate Bill 4"), effective September 21, 1995. Statev. Freeman (Dec. 10, 1998), Cuyahoga App. No. 73784-87. Prior to the amendment, the law had allowed a petitioner to file a postconviction relief petition at any time after his conviction. State v. Schulte
(1997), 118 Ohio App.3d 184, 186, 692 N.E.2d 237. As amended, R.C.2953.21(A)(2) now imposes certain time requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:
"A petition under division (A)(1) of this section shall be filed nolater than one hundred eighty days after the date on which the trialtranscript is filed in the court of appeals in the direct appeal of thejudgment of conviction or adjudication or, if the direct appeal involvesa sentence of death, the date on which the trial transcript is filed inthe supreme court. If no appeal is taken, the petition shall be filed nolater than one hundred eighty days after the expiration of the time forfiling the appeal."
 {¶ 8} Further, the corresponding uncodified law provides:
"A person who seeks postconviction relief pursuant to section 2953.21through 2953.23 of the Revised Code with respect to cases in whichsentence was imposed prior to the effective date of this act * * * shallfile a petition within the time required in division (A)(2) of section2953.21 of the Revised Code as amended by this act, or within one yearfrom the effective date of this act (September 21, 1995), which ever islater." Section 3, S.B. No. 4, 146 Ohio Laws, Part IV, 7826.
 {¶ 9} Williams was sentenced prior to the effective date of amended R.C. 2953.21. Thus, it is undisputed that his petition had to be filed no later than September 23, 1996, which was the first business day following the expiration of the one-year deadline.
 {¶ 10} Williams' second petition, filed on July 27, 2002, is well beyond the time limit prescribed in R.C. 2953.21. Thus, Williams' petition is untimely.
 {¶ 11} Nevertheless, Williams claims that the retroactive application of R.C. 2953.21 violates his constitutional right as an ex post facto law. We disagree.
 {¶ 12} This court and other Ohio courts have previously determined that Senate Bill 4 is not ex post facto law nor are the timing requirements set forth therein unconstitutional. State v. Sharif (Sept. 27, 2001), Cuyahoga App. No. 79325, citing State v. Dillon (Jan. 25, 2001), Monroe App. No. 809; State v. Lee (June 8, 2000), Franklin App. No. 99AP-668; State v. Risner (May 13, 1999), Putnam App. No. 12-98-12;State v. Buoscio (Dec. 27, 1999), Mahoning App. No. 98-CA-7; State v.Walkup (Dec. 21, 1999), Morgan App. No. 99CA06; State v. Wright (Dec. 30, 1998), Scioto App. No. 98CA2594; State v. Ayala (Nov. 10, 1998), Franklin App. Nos. 98AP-349, 98AP-350; State v. Huff (June 11, 1997), Lawrence App. No. 96CA47. See, also, State v. Goist, Trumbull App. No. 2002-T-0136, 2003-Ohio-3549. Based on this court's precedent, we find that the trial court did not err in applying the deadline contained in the current version of R.C. 2953.21. Therefore, Williams' first assignment of error has no merit.
 {¶ 13} Although a petition for postconviction relief is untimely, R.C. 2953.23(A)(1)(a) allows a trial court to entertain the untimely petition if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.
 {¶ 14} R.C. 2953.23(A)(1)(b) also requires that "the petitioner show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 15} Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely petition for postconviction relief.State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612; State v.Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882; State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058.
 {¶ 16} Here, Williams argues in his petition that he was entitled to relief because he was unavoidably prevented from discovering the whereabouts of Baxter Harris ("Harris"), an alleged exonerating witness, whom he claims the State "hid," thus preventing Williams from calling Harris as a witness at trial. Because of this alleged concealment, Williams claims he was denied effective assistance of trial counsel because counsel never investigated the whereabouts of Harris, and he further claims that the State engaged in misconduct by failing to disclose Harris' whereabouts.
 {¶ 17} It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. State v. Williams,157 Ohio App.3d 374, 2004-Ohio-2857, 811 N.E.2d 561, citing State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. However, res judicata does not bar claims for postconviction relief when the petitioner presents evidence outside the record that was not in existence and was not available to the petitioner in time to support a direct appeal. State v. Cole (1982), 2 Ohio St.3d 112, 114,443 N.E.2d 169.
 {¶ 18} Williams' claim of ineffective assistance of counsel is an issue that could have been raised on direct appeal in 1979 or in his 1982 petition. "Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation." State v. Williams,99 Ohio St.3d 179, 180, 2003-Ohio-3079, 790 N.E.2d 299, quoting State v.Cheren, 73 Ohio St.3d 137, 138, 1995-Ohio-28, 652 N.E.2d 707, Perry,
supra. In fact, Williams raised the issue of ineffective assistance of counsel in his 1982 petition, albeit on other grounds.
 {¶ 19} Williams argues that his trial counsel was ineffective for failing to investigate Harris' whereabouts. Whether Harris was in jail or "laying low" as his affidavit states, the argument for ineffective assistance of counsel became ripe for consideration when Harris was not called as a witness. Additionally, Williams has failed to provide any documentary evidence supporting his claim regarding Harris' whereabouts during Williams' trial.
 {¶ 20} Moreover, Williams has failed to demonstrate that his trial counsel was ineffective. In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,104 S. Ct. 2052. The defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus;Strickland, supra, at 686.
 {¶ 21} Williams has failed to demonstrate that his counsel did not investigate Harris' whereabouts. Williams states in his petition that he was told by his attorney that Harris was "on the run, (a fugitive)." Thus, we can conclude that his trial counsel attempted to locate Harris.
 {¶ 22} Therefore, we find that Williams' claim of ineffective assistance of counsel is barred by res judicata because it was not raised at the earliest opportunity. Additionally, Williams has failed to show that his trial counsel was ineffective.
 {¶ 23} Williams also claims that he is entitled to relief because the State withheld exculpatory evidence, to wit: Harris. In support of his claim, he attaches Harris' affidavit from 2001, which was "not in existence" at the time Williams filed his direct appeal or his 1982 petition. Harris states in the affidavit that he and Williams went to an exterminating company with the intention of renting some equipment under a false name and then selling it. Harris states that while they were in the store, "the door flew open and this guy busted right in the place, passed right by me and went and grabbed Mann [Williams] by the back of his collar and was telling him to get in the back of the place." Harris fled the store but thought he heard a gunshot as he was running away. The affidavit further provides that the police told him that if he testified for Williams he would be charged in connection with the crime.
 {¶ 24} The affidavit does not contain any indication that the prosecutor prevented Harris from testifying or made him "unavailable" for 20 years. Although Harris claimed that the police threatened to prosecute him, this does not rise to clear and convincing evidence that no reasonable trier of fact would find Williams not guilty of the offense charged. See R.C. 2953.23(A)(1)(b).
 {¶ 25} Williams further claims that the trial court's docket for Harris' 1978 unrelated criminal case corroborates the fact that Harris was "hidden" by the State. Williams alleges that the docket entries indicate that Harris was in State custody during his trial and the State did not disclose his whereabouts because it knew that Williams wished to call Harris as a witness. However, these allegations are unsupported by Harris' affidavit as well as the docket entries which indicate Harris was "capias" from June 1979 until September 1982. Therefore, we find that Williams has failed to satisfy his burden of proof.
 {¶ 26} Williams also claims that the trial court denied him due process of law by dismissing his petition without conducting an evidentiary hearing. We disagree.
 {¶ 27} The trial court did not err in failing to hold an evidentiary hearing on his petition. R.C. 2953.21 provides that the trial court should determine if the petition contains substantive grounds for relief before granting a hearing. State v. Avery, Union App. No. 14-04-06, 2004-Ohio-4165.
" * * * Before granting a hearing on a petition filed under division(A) of this section, the court shall determine whether there aresubstantive grounds for relief. In making such a determination, the courtshall consider, in addition to the petition, the supporting affidavits,and the documentary evidence, all the files and records pertaining to theproceedings against the petitioner, including, but not limited to, theindictment, the court's journal entries, the journalized records of theclerk of the court, and the court reporter's transcript." R.C. 2953.21(C).

 {¶ 28} Because Williams' petition did not present substantive grounds for relief, as previously determined, the trial court properly denied an evidentiary hearing. Because Williams' petition was untimely and no exception under R.C. 2953.23(A) applied, the trial court properly denied his petition. Even if his petition was timely filed, his claims are barred by res judicata and because he failed to provide substantive grounds for relief.
 {¶ 29} Accordingly, Williams' first, third, and fifth assignments of error are overruled.
 "Actual Innocence" {¶ 30} In his second assignment of error, Williams argues that he was denied due process when the court refused to consider his petition in which he presented evidence of his actual innocence, specifically Harris' affidavit.
 {¶ 31} A claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for postconviction relief. State v. Watson (1998), 126 Ohio App.3d 316, 710 N.E.2d 340, citing Herrera v. Collins (1993), 506 U.S. 390, 113 S. Ct. 853,122 L. Ed. 2d 203; State v. Loza (Oct. 13, 1997), Butler App. No. CA96-10-214. Therefore, we find that the trial court did not err in failing to consider the merits of this "actual innocence" claim because Williams' claim fails to raise "a denial or infringement of rights under the Ohio Constitution or the Constitution of the United States" as required by R.C. 2953.21.
 {¶ 32} Accordingly, Williams' second assignment of error is overruled.
 Findings of Fact and Conclusions of Law {¶ 33} In his fourth assignment of error, Williams argues that he was denied due process of law when the court did not independently prepare findings of fact and conclusions of law.
 {¶ 34} R.C. 2953.21(G) requires the trial court, upon denying relief on the petition, to make and file findings of fact and conclusions of law setting forth its findings on each issue presented and a substantive basis for its disposition of each claim for relief advanced in the petition. State v. Lester (1975), 41 Ohio St.2d 51, 322 N.E.2d 656. The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the court's disposition and to facilitate meaningful appellate review. State ex rel. Carrion v. Harris (1988),40 Ohio St.3d 19, 530 N.E.2d 1330.
 {¶ 35} The trial court may adopt the findings of fact and conclusions of law submitted by the parties so long as they are accurate in law and fact. State v. Combs (1994), 100 Ohio App.3d 90, 652 N.E.2d 205, citingAdkins v. Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. See, also,State v. Sowell (1991), 73 Ohio App.3d 672, 676, 598 N.E.2d 136,State v. Poindexter (Mar. 6, 1991), Hamilton App. No. C-890734.
 {¶ 36} Here, the trial court adopted the State's proposed findings of fact and conclusions of law. These findings and conclusions are an adequate recitation of the facts and provide sufficient explanation of the trial court's disposition of each of Williams' claims in his petition to satisfy the purpose of R.C. 2953.21(G). Although the court included the incorrect case number in its entry denying Williams' petition, that error does not affect the substantive facts and law in this matter. In fact, the case number in the entry is similar to Williams' appellate case number.
 {¶ 37} Therefore, we find that trial court did not err or deprive Williams of due process of law in adopting the State's proposed findings of fact and conclusions of law.
 {¶ 38} Accordingly, Williams' fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Corrigan, J. concur.
[1] Williams argues in his first and third assignments that the court erred in "dismissing" his petition. A plain reading of the court's findings of fact and conclusions of law indicate that the court "denied" his petition.