JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mike Flora, appeals from the judgment of the Cuyahoga County Court of Common Pleas dismissing his petition for postconviction relief without a hearing. For the reasons that follow, we affirm.
I. Facts and Procedural History
 {¶ 2} The facts giving rise to this case were set forth by this court in our opinion dated June 20, 1991, in which we affirmed Flora's convictions. State v. Flora (June 20, 1991), Cuyahoga App. No. 58862. We stated:
 {¶ 3} "The victim, Maudine Bell (`victim') and her cousin, Iris Gomez (`Gomez') were walking on Storer Avenue in the City of Cleveland at approximately 11:30 p.m. A van drove past the women. The occupants in the van were appellant, appellant's step-son, Charles East (`East'), and Charles and Alan Hughes. As the van drove past the victim and Gomez, appellant yelled obscenities to the women and Gomez retorted. Appellant then ordered the driver, East, to back the van up towards the women.
 {¶ 4} "Appellant exited the van carrying a gun. He attacked Gomez and pulled her by her hair towards the van, threatening to kill her. The victim, while attempting to aid Gomez, was fatally shot in the chest by appellant during a struggle. Appellant, after killing the victim, entered the van and drove away."
 {¶ 5} A jury convicted Flora of aggravated murder in violation of R.C. 2903.01, with felony murder and gun specifications, attempted kidnapping in violation of R.C. 2923.02
and 2905.01, with a gun specification, and having a weapon while under a disability in violation of R.C. 2923.13, with a gun specification. In a separate proceeding, the trial court found him guilty of the aggravated felony specifications regarding counts one and two, and the violence specification in count three. He was sentenced to a term of life with parole eligibility after 30 years on count one, plus three years on the gun specification, to be served consecutive to the term of life; eight to ten years on count two; and one and one-half to five years on count three; all counts to be served consecutively.
 {¶ 6} Flora's convictions and sentence were affirmed in his direct appeal. Flora, supra.
 {¶ 7} In April 1992, Flora filed a pro se petition for relief after judgment pursuant to R.C. 2953.21 in which he argued that his trial counsel was ineffective for the following reasons: "(1) lack of investigation; (2) counsel would not, did not subpoena witness[es] for the petitioner; (3) the defense, it was all counsel['s] idea; (4) there was a complete breakdown of communication; (5) an irrevocable conflict; (6) conflict of interest due to counsel['s] personal interest; (7) not objecting at certain occasion[s] during trial/agreeable to answers to jury questions with the judge and prosecutor without the petitioner['s] knowledge or presence; and (8) prejudice, thus depriving the petitioner of his right to a fair trial." Flora argued further that the trial court erred in appointing trial counsel as his appellate counsel. He subsequently filed a supplemental argument to his petition, in which he asserted that the trial court had erred in instructing the jury during deliberations in his absence.
 {¶ 8} In July 1992, the trial court issued findings of fact and conclusions of law denying Flora's petition. The court found that Flora had failed to establish any prejudicial effect or omission on behalf of his counsel. The court also found that Flora's claim that the court had erred in appointing trial counsel as appellate counsel was without merit because Flora had requested such appointment, and that his claim relating to jury instructions should have been raised on direct appeal and therefore was barred by res judicata. Flora did not appeal this judgment.
 {¶ 9} In March 1993, Flora filed another petition to set aside his conviction pursuant to R.C. 2953.21. In this petition, he argued that the indictment for attempted kidnapping was insufficient because it did not specify the underlying felony and, therefore, the trial court lacked jurisdiction to try him. Flora subsequently filed a motion for summary judgment regarding this petition, which the trial court denied. The court later filed findings of fact and conclusions of law denying Flora's petition.
 {¶ 10} In July 1993, Flora filed yet another pro se petition for relief after judgment, and in August 1993, he filed a supplemental additional argument to his petition. In the petition, Flora argued that he was denied his constitutional right to effective assistance of counsel because trial counsel failed to file a notice of alibi and to investigate alibi witnesses. In the supplement to the petition, Flora argued that trial counsel was ineffective for failing to object to jury instructions specifying that the underlying felony in the attempted kidnapping charge was rape and for agreeing, in response to a question from the jury during deliberations, that the court should instruct the jury that it could continue deliberating regarding count one, aggravated murder, after it had reached a verdict on the lesser included offense of murder.
 {¶ 11} In October 1993, the trial court issued findings of fact and conclusions of law denying Flora's petition and finding that his counsel was effective. This court subsequently affirmed the trial court's decisions dismissing the petitions for postconviction relief filed by Flora in March and July 1993. SeeState v. Flora (Jan. 26, 1995), Cuyahoga App. Nos. 66407 and 67181. With respect to the ineffective assistance of counsel claim, this court noted that res judicata did not bar Flora from raising a claim of ineffective assistance of counsel in a petition for postconviction relief because he was represented on direct appeal by the same counsel that represented him at trial. Nevertheless, the court concluded that, in light of Flora's failure to provide the court with a copy of the trial transcripts, it presumed regularity of the proceedings below.
 {¶ 12} On July 8, 1996, Flora filed yet another petition for postconviction relief. In this petition, Flora argued that his trial counsel was ineffective because he did not object to the indictment on the grounds that it was insufficient to inform Flora of the charges against him, and did not object to the jury's further deliberation on the charge of aggravated murder after it had reached a verdict regarding the lesser included offense of murder.
 {¶ 13} In August 2004, Flora filed a supplement to his petition for postconviction relief, in which he argued that the issue of ineffective assistance of trial counsel had never been "properly and fairly adjudicated," because his prior petitions for postconviction relief had been dismissed without a hearing and without review of the trial transcripts.
 {¶ 14} In November 2004, Flora filed a brief in support of his petition for postconviction relief, in which he argued that his counsel was ineffective because he failed to object to (1) the indictment regarding attempted kidnapping, because it did not specify the underlying felony with which Flora was charged; (2) the trial court's instruction to the jury that the underlying felony was rape; and (3) the trial court's instruction to the jury that it could continue deliberating on the charge of aggravated murder after it had reached a verdict on the lesser included charge of murder. He argued further that counsel was ineffective because he failed to keep Flora adequately appraised of developments in his case.
 {¶ 15} In December 2005, the trial court issued findings of fact and conclusions of law dismissing Flora's petition without an evidentiary hearing. Flora now appeals from this judgment. In his single assignment of error, he argues that the trial court erred in finding that he received effective assistance of counsel.
Successive petitions for postconviction relief
 {¶ 16} A trial court's ability to review successive postconviction petitions filed pursuant to R.C. 2953.21 is limited. As stated in R.C. 2953.23(A):
 {¶ 17} "[A] court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * (1) both of the following apply:
 {¶ 18} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 20} Accordingly, in addressing Flora's petition, the fourth such petition for postconviction relief filed on his behalf and the third asserting a claim of ineffective assistance of counsel, we must first determine whether he set forth sufficient grounds to allow the trial court to consider his successive petition. Flora must show that he was "unavoidably prevented" from discovering the facts he relies upon to present his ineffective assistance of counsel claim[1] and that, but for the constitutional error, he would not have been found guilty. Flora's petition fails on both prongs.
 {¶ 21} In his petition, Flora asserted that the evidence regarding his counsel's alleged incompetence is found in the record. He attached his affidavit, a copy of the indictment, and transcripts from the trial to the petition.[2] In his affidavit, Flora recited the instances of his counsel's alleged incompetence as set forth in the record. Flora made no argument that he was "unavoidably prevented" from discovering the facts relied upon in his petition or recited in his affidavit, presumably because it is apparent that Flora knew the facts regarding his lawyer's alleged incompetence as early as April 1992, when he filed his first petition for postconviction relief in which he cited the record and argued that his counsel was ineffective. Accordingly, he has not demonstrated that he was "unavoidably prevented" from discovery of the facts upon which he relies to support his petition.
 {¶ 22} Nor does Flora's petition demonstrate "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty." R.C.2953.23(A)(1)(b).
 {¶ 23} Flora contends that he was denied his constitutional right to effective assistance of counsel. In order to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990),497 U.S. 1011, 111 L.Ed.2d 768, 110 S.Ct. 3258; State v. Lytle (1976),48 Ohio St.2d 391, vacated on other grounds (1978), 438 U.S. 910,57 L.Ed.2d 1154, 98 S.Ct. 3135; and Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 694.
 {¶ 24} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See Strickland, supra at 689. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id.; State v.Taylor, Montgomery App. No. 21122, 2006-Ohio-2655, at ¶ 23.
 {¶ 25} Flora first contends that he was denied his constitutional right to effective assistance of counsel because counsel failed to object to the indictment. Specifically, Flora contends that counsel should have objected that the indictment on count two, attempted kidnapping, was impermissibly vague because it did not specify the underlying felony supporting the kidnapping charge.
 {¶ 26} A criminal indictment is sufficient when it provides a defendant with notice of all the elements of the offense with which the defendant is charged. Crim.R. 7. "Generally, the requirements of an indictment may be met by reciting the language of the criminal statute." State v. Childs, 88 Ohio St.3d 194,199, 2000-Ohio-298, citing State v. Murphy (1992),65 Ohio St.3d 554, 583.
 {¶ 27} In State v. Smith, Cuyahoga App. No. 83007, 2004-Ohio-3619, this court held that, so long as the indictment is otherwise sufficient, there is no requirement that the indictment must specify the underlying felony supporting a kidnapping conviction. Quoting State v. Skatzes, Montgomery App. No. 15848, 2003-Ohio-516, in which the Second Appellate District rejected the same argument, we stated:
 {¶ 28} "`The Supreme Court has held that an indictment is sufficient if it tracks the wording of the applicable statutes, especially when a bill of particulars may be used to obtain additional information. * * * We are unaware of any case in which the Supreme Court has held that the failure to identify an underlying felony is a fatal defect in an indictment.'" Id. at ¶ 26.
 {¶ 29} Our review of the record indicates that the indictment adequately recited the language of R.C. 2905.01 and 2923.02, regarding attempted kidnapping. Accordingly, Flora's counsel did not err in not objecting to the indictment.
 {¶ 30} Next, Flora argues that his counsel was ineffective for not objecting to jury instructions that defined the elements of rape for the jury. Specifically, during deliberations, the jury asked the judge, "Under the definition of `attempted kidnapping,' the word `felony,' does it mean any felony or does it mean kidnapping?" The trial judge instructed the jury that the underlying felony alleged in the second count of the indictment was rape and then defined the elements of rape for the jury. Flora contends that defense counsel should have objected to this instruction. We disagree.
 {¶ 31} The court's instruction was consistent with the evidence and testimony admitted during the trial. Moreover, contrary to Flora's argument, he was not tried or convicted of rape as a result of this instruction. Accordingly, we find no error with this instruction.
 {¶ 32} Flora next contends that his counsel was ineffective because he failed to object to the trial court's other instruction to the jury during deliberations. During deliberations, the jury indicated to the judge that it had agreed Flora was guilty of murder as a lesser included offense of aggravated murder, but asked the court for permission to further deliberate on the charge of aggravated murder. The jury question presented to the judge asked, "Your Honor, the jury has reached a verdict on `lesser and included offense of murder under count one.' The jury would like to know if we can go back to count one, aggravated murder, for additional deliberation." The record indicates that both defense counsel and the prosecutor were in agreement that the judge answer the question as follows: "Yes, you may deliberate further on count one. A`verdict' is not in actuality a verdict until it is announced and accepted in open court." The jury subsequently returned a verdict of guilty of aggravated murder, not the lesser included offense of murder. The jury foreman told the court that, upon further deliberation, the jury agreed that Flora was guilty of aggravated murder.
 {¶ 33} Flora contends that upon presentation of the question to the judge, defense counsel should have asked that the jury be brought into court and polled as to its verdict and, at a minimum, should have objected to the trial court's instruction that it could deliberate further. We disagree.
 {¶ 34} When the jury presented its question regarding further deliberations to the trial court, it presented a second question that asked, "If we have reached a verdict on one or more counts but not all the counts, do we announce to you that we have reached a verdict tonight?" The judge answered in the negative. As is apparent from the jury's question, it had not yet reached a final verdict regarding its deliberations. Thus, counsel did not err in agreeing that the judge should instruct the jury to continue its deliberations.
 {¶ 35} Finally, Flora argues that counsel was ineffective because he did not keep him appraised of developments in his case and failed to ensure that he was present at all critical stages of his trial. Specifically, Flora contends that counsel never told him that rape was the underlying felony in the attempted kidnapping charge and that counsel agreed to the judge's answers to the jury questions outside his presence.
 {¶ 36} Crim.R. 43 provides that the defendant shall be present "at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence" unless he is voluntarily absent or has engaged in disruptive conduct in the courtroom. This right is fundamental. Skatzes, supra at ¶ 366.
 {¶ 37} Here, defense counsel waived Flora's presence for the discussions of the jury questions. There is no suggestion that Flora was prejudiced by counsel's conduct, however. There is no indication that the court's answer or counsel's assent to the answer would have been different had Flora been present.
 {¶ 38} Likewise, we find no indication in the record or Flora's affidavit that Flora was prejudiced by counsel's alleged failure to tell him that rape was the underlying felony to the attempted kidnapping charge. Flora makes no allegation that he would have pled guilty if he had known of the rape theory, nor does he assert that the outcome of the trial would have been different.
 {¶ 39} In short, Flora's petition failed to demonstrate to a reasonable probability that, but for any of counsel's alleged errors, the results of the proceeding would have been different or that a reasonable factfinder would not have found him guilty.
 {¶ 40} The provisions of R.C. 2953.23(A) are jurisdictional in nature; absent a petitioner's demonstration that the requisites set forth in R.C. 2953.23(A) apply, a trial court has no jurisdiction to determine the merits of the petition. Statev. Muldrew, Cuyahoga App. No. 85661, 2005-Ohio-5000, at ¶ 16, citing State v. Sharif (Sept. 27, 2001), Cuyahoga App. No. 79325. See, also, State v. Williams, Cuyahoga App. No. 85180,2005-Ohio-3023, at ¶ 15. Because Flora did not demonstrate that the exceptions found in R.C. 2353.23(A) applied to his successive petition for postconviction relief, the trial court did not err in dismissing the petition without a hearing.
III. Res Judicata
 {¶ 41} Moreover, the trial court did not err in dismissing Flora's petition without a hearing because the claims raised therein are barred by the doctrine of res judicata. The petition at issue is the third such petition filed by Flora in which he asserts a claim of ineffective assistance of counsel. All of the claims raised in the petition were raised in some form in Flora's prior petitions.
 {¶ 42} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. In other words, a final judgment or decree between the parties in litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit. Rogers v. Whitehall
(1986), 25 Ohio St.3d 67, 69. Therefore, "res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." National Amusements,Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62.
 {¶ 43} The doctrine of res judicata can also bar successive petitions for postconviction relief. State v. Apanovitch
(1995), 107 Ohio App.3d 82. "While Ohio law may permit the filing of multiple petitions, a petitioner does not have carte blanche to file successive petitions endlessly." State v. Cotton (May 8, 1997), Cuyahoga App. Nos. 71234 and 71235, citing State v.Steffen (1994), 70 Ohio St.3d 399, 410. "`Trial courts are not required to entertain successive petitions which alleged the same grounds as an earlier petition. * * * Defendant should generally be prepared, after thorough investigation, to present all relevant evidence to support the particular grounds before broaching the subject.'" Id., quoting State v. Williams (Jan. 18, 1996), Cuyahoga App. No. 68613.
 {¶ 44} Flora argues that the claims raised in this petition are not barred by res judicata because trial counsel was his appellate counsel and could not have been expected to raise the issue of his own incompetence on direct appeal. In State v.Cole (1982), 2 Ohio St.3d 112, the Ohio Supreme Court recognized that res judicata does not bar a petition for postconviction relief regarding ineffective assistance of counsel where appellate counsel was also petitioner's trial counsel. Nowhere inCole, however, does the Supreme Court hold that a petitioner may, in such circumstances, repeatedly file petitions for postconviction relief asserting the same ineffective assistance of counsel claim. Here, it is apparent that Flora has raised the same claims regarding his counsel's alleged incompetence again and again in his successive petitions for postconviction relief. Flora's claim that "the issue of trial counsel has not been adjudicated" is simply not true. The record reflects that both the trial court and this court considered Flora's claims and rejected them. Accordingly, they are now barred by res judicata.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.
[1] Flora does not contend that a newly recognized constitutional right gives him standing to raise his successive petition.
[2] No documents were attached to the supplemental pleading filed in August 2004, or to the brief in support of the petition filed in November 2004.