JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner-appellant, Thomas Michael Keenan, appeals from a common pleas court order dismissing his second petition for post-conviction relief. He urges that the post-conviction relief statute the court applied here was an ex post facto law and that he demonstrated he was actually innocent with evidence he only recently obtained.
 Procedural History {¶ 2} On October 6, 1988, appellant was indicted for the kidnapping and aggravated murder of Anthony Klann, as well as aggravated burglary. Following a jury trial, he was convicted and sentenced to death. The Ohio Supreme Court reversed the conviction and death sentence and remanded the case for a new trial. State v. Keenan (1993), 66 Ohio St.3d 133. Appellant was again convicted and sentenced to death following a second trial in 1994. This conviction and sentence was affirmed by both this court and the Ohio Supreme Court. State v. Keenan (1998),81 Ohio St.3d 133. The United States Supreme Court denied certiorari. Keenan v. Ohio (1998), 525 U.S. 860.
 {¶ 3} Appellant then filed a petition for post-conviction relief and a motion for a new trial. The trial court denied both the petition and the motion. This court affirmed on the ground that the petition was untimely and appellant had failed to demonstrate that an exception applied which would permit him to pursue it. State v. Keenan (Feb. 1, 2001), Cuyahoga App. No. 77480. The Ohio Supreme court declined jurisdiction. State v.Keenan (2001), 92 Ohio St.3d 1429.
 {¶ 4} On February 6, 2004, appellant filed the present petition for post-conviction relief, asserting that his constitutional rights were violated in some 32 respects and that he based these claims on facts only recently discovered.
 Law and Analysis {¶ 5} In his first assignment of error, appellant argues that the common pleas court retroactively applied a version of R.C.2953.21 which did not go into effect until eight years after the crime was committed, in violation of the ex post facto clause of the United State Constitution, Article I, Section 10, and the retroactivity clause of the Ohio Constitution, Article I, Section 28. As appellant's counsel is aware,[1] this court and other courts throughout this state have previously rejected this argument. See State v. Williams, Cuyahoga App. No. 85180,2005-Ohio-3023, ¶ 12. Based on this precedent, we overrule the first assignment of error.
 {¶ 6} R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely petition for post-conviction relief if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. R.C. 2953.23(A)(1)(b) also requires that "the petitioner show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 7} Unless one of these exceptions applies, the trial court has no jurisdiction to consider an untimely petition for postconviction relief. State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612; State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882; State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058.
 {¶ 8} Appellant does not assert a claim based upon a new federal or state right which the supreme court has recognized and which retroactively applies to him. Rather, he apparently claims he "was unavoidably prevented from discovering the facts on which the petition is predicated," and "but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which [he] was convicted."
 {¶ 9} Appellant's primary exhibit in support of his petition is a hand-written document which he asserts to be a comparison of various witnesses' testimony at his first trial, his second trial, and the 1989 trial of co-defendant Joe D'Ambrosio. Appellant claims this document shows that the witnesses perjured themselves at his second trial.
 {¶ 10} The transcripts of appellant's first trial and the 1989 D'Ambrosio trial are not included in the record. Appellant's notes are no substitute for the testimony itself; the notes are not evidence. Furthermore, the testimony from the two prior proceedings obviously existed before the 1994 trial in this case began. It was not evidence the defendant was "unavoidably prevented from discovering" until now. Finally, even if the testimony in these various proceedings was inconsistent and the inconsistency concerned a matter material to appellant's conviction, appellant has not provided any basis for determining which version was true and which was false. Therefore, appellant has not demonstrated that he is entitled to post-conviction relief based on these notes.
 {¶ 11} Other affidavits and sworn statements attached to appellant's petition or a supplement to it provide allegedly newly discovered facts to support appellant's alibi defense, a defense he presented at trial and which the jury rejected. Appellant has not demonstrated that he was unavoidably prevented from discovering these witnesses' statements before now. The additional evidence, chronicling appellant's and the other participants' whereabouts on Friday, September 23, Saturday, September 24, and Sunday, September 25, 1988, is cumulative of the evidence presented at trial. Cumulative, corroborating evidence does not clearly and convincingly demonstrate that no reasonable jury would have found appellant guilty had this evidence been presented to it. Cf. Keenan v. Bagley (N.D. Ohio 2003), 262 F.Supp.2d 826, 834-36.
 {¶ 12} Appellant finally urges that evidence demonstrating his actual innocence is sufficient to overcome any procedural default in this case. We disagree. The United States Supreme Court decision upon which he relies, Schlup v. Delo (1995),513 U.S. 298, was decided under the federal law of habeas corpus,28 U.S.C. § 2254. See House v. Bell (2006), 165 L. Ed. 2d 1, 12. We are unaware of any authority adopting Schlup's reasoning under Ohio law. Rather, Ohio cases have consistently applied the doctrine of res judicata to successive habeas corpus petitions, in light of the petitioner's right to appeal from an adverse ruling. See, e.g., State ex rel. Rash v. Jackson,102 Ohio St.3d 145, 2004 Ohio 2053, P10, 807 N.E.2d 344; Hudlin v.Alexander (1992), 63 Ohio St.3d 153, 156, 586 N.E.2d 86. The United States Supreme Court has "relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata," Schlup, at 319, but Ohio courts have not.
 {¶ 13} Therefore, we overrule the second assignment of error and affirm the trial court's judgment.
Affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Celebrezze, Jr., J. Concur.
[1] Appellant's counsel was also counsel for the appellant inState v. Williams, Cuyahoga App. No. 85180, 2005-Ohio-3023.