OPINION AND JUDGMENT ENTRY *Page 2 
{¶ 1} This case involves an original action to this court on a petition for a writ of habeas corpus filed by Petitioner on August 26, 2008. On October 8, 2008, Respondent filed a motion to dismiss. Petitioner filed a response on October 29, 2008, along with a motion for summary judgment. For the following reasons, Petitioner's motion for summary judgment is denied, Respondent's motion to dismiss is granted, and the petition for writ of habeas corpus is dismissed.
 {¶ 2} On May 24, 1991, Petitioner was indicted in Summit County on twenty-six counts of rape pursuant to R.C. 2907.02(A)(2), and twenty-nine counts of sexual battery pursuant to R.C. 2907.03(A)(5). Petitioner agreed to plead guilty to one count of rape and in exchange, the State dismissed the remaining counts. On August 5, 1991, Petitioner was sentenced to a prison term of not less than ten years and not more than twenty-five years. Petitioner appealed his conviction and sentence, however the Ninth District Court of Appeals affirmed the judgment of the trial court. State v. Junius (May 5, 1993), 9th Dist. No. 15296. Petitioner is currently serving out his sentence at the Belmont Correctional Institution in St. Clairsville, Ohio.
 {¶ 3} Initially, we must address Respondent's contention that the petition is procedurally defective pursuant to R.C. 2969.25(C), which states:
 {¶ 4} "(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
 {¶ 5} "(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
 {¶ 6} "(2) A statement that sets forth all other cash and things of value owned by the inmate at that time."
 {¶ 7} Here, Petitioner filed an affidavit of waiver with his petition, stating the *Page 3 
following:
 {¶ 8} "* * * I seek a waiver of PREPAYMENT filing demands under protection of O.R.C. § 2725.28. While I am not declaring indigency, I do assert that the $50.00 fee will be readily tendered upon receipt of documentation that all enclosures have been accordingly filed and served."
 {¶ 9} This affidavit is technically defective, for several reasons. First, Petitioner relies on the wrong statute. R.C. 2725.28 actually controls the allocation of court fees and costs after the disposition of a habeas petition.
 {¶ 10} Second, R.C. 2969.25(C), as quoted above, requires that the inmate file, along with the affidavit of waiver: (1) an affidavit of indigency; (2) a certified statement of the inmate's account; and (3) a statement that sets forth all other cash and things of value the inmate owns. By contrast, Petitioner's affidavit of waiver does not include those required documents. Instead, Petitioner states he is not declaring indigency, but nonetheless would like a waiver of the prepayment of the filing fee until he receives notice that his petition has been properly filed and served. R.C. 2969.25(C) simply does not allow for this.
 {¶ 11} However, Petitioner has cured these defects because he subsequently paid the required filing fee. Slider v. Ohio Dept. ofRehabilitation Correction (June 29, 1999), 10th Dist. No. 98AP-876, at 2. Thus, Respondent's argument about the procedural inadequacy of the petition lacks merit.
 {¶ 12} Despite this, Petitioner's writ must be dismissed, because it fails to state a claim for which relief can be granted.
 {¶ 13} Normally, habeas petitions may be used only to challenge the jurisdiction of the sentencing court. See Ellis v. McMackin (1992),65 Ohio St.3d 161, 162, 602 N.E.2d 611. They may be also be used in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief." State exrel. Jackson v. McFaul (1995), 73 Ohio St.3d 185, 186, 1995-Ohio-228,652 N.E.2d 746. *Page 4 
 {¶ 14} The only claim raised by Petitioner which arguably relates to the jurisdiction of the trial court is his assertion that his indictment was defective. Specifically, Petitioner alleges that his indictment failed to include the mental state required for the offenses and that the indictment therefore failed to vest the trial court with subject matter jurisdiction over his case. Petitioner cites State v. Colon,118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624 (Colon I), in support of his argument. In Colon I, the Ohio Supreme Court held that "[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment," and that such a defect constitutes structural error. Id. at ¶ 19, 45.
 {¶ 15} However, even taking Petitioner's assertions about his indictment as true, in fact, he failed to attach a copy of the indictment to his petition, his argument here fails. As Petitioner concedes in his response to Respondent's motion to dismiss, this court has already rejected an almost identical argument in Starcher v.Eberlin, 7th Dist. No. 08BE19, 2008-Ohio-5042. In Starcher, the petitioner, who was indicted on several counts of rape, attempted rape and gross sexual imposition, also argued that his indictment was faulty based on Colon I. We rejected this argument for three reasons, all of which are applicable to the case at bar.
 {¶ 16} First, we noted that the Ohio Supreme Court had reconsidered its decision in Colon I, in an opinion styled State v. Colon,119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 16 (Colon II). In Colon II the Court held that Colon I only applied prospectively to those cases pending at the time that Colon I was released. Starcher at ¶ 14, citingColon II at ¶ 5. Starcher, like the instant case, was not pending at the time Colon I was released.
 {¶ 17} Second, we noted that unlike the offense at issue in ColonI, the offenses at issue in Starcher specified "purposely" as the required mental state. Therefore we found the premise of Colon I to be inapplicable to the offenses at issue in Starcher. Starcher at ¶ 15-17. Similarly, the rape offense at issue in the case at bar specifies "purposely" as the required mental state. R.C. 2907.02(A)(2). In addition, Petitioner's indictment need not have specified any mental state with regards to the sexual battery charges, because *Page 5 
sexual battery under R.C. 2907.03(A)(5) is a strict liability crime.State v. Sheriff, 3d Dist. No. 8-08-04, 2008-Ohio-5192, at ¶ 34. See also, State v. Bajaj, 7th Dist. No. 03CO16, 2005-Ohio-2931 at ¶ 42.
 {¶ 18} Third, in Starcher we noted that, pursuant to Galloway v.Money, 100 Ohio St .3d 74, 2003-Ohio-5060, ¶ 3, 6, and Turner v.Ishee, 98 Ohio St.3d 411, 2003-Ohio-1671, at ¶ 7, habeas corpus is not available to test the validity or sufficiency of an indictment or other charging instrument. Starcher at ¶ 18.
 {¶ 19} Thus, based on all the aforementioned reasons, Petitioner's claim of a defective indictment fails to state a claim for which habeas relief may be granted.
 {¶ 20} Petitioner raises two other claims in his petition, however those claims fail based on the doctrine of res judicata. First, Petitioner claims that he was denied his Sixth Amendment right to representation during his sentencing hearing. However, this issue was already raised and rejected in his direct appeal, State v. Junius (May 5, 1993), 9th Dist. No. 15296, at 1, and is thus barred under res judicata. See State ex rel. Rash v. Jackson, 102 Ohio St.3d 145,2004-Ohio-2053, 807 N.E.2d 344, at ¶ 12.
 {¶ 21} Second, Petitioner claims ineffective assistance of trial counsel. Again, this claim is barred by res judicata, as it was raised and rejected in his direct appeal. Junius at 2. A claim that was raised either on direct appeal or in a post-conviction proceeding cannot be raised in a habeas petition. Daniel v. State, 98 Ohio St.3d 467,2003-Ohio-1916, 786 N.E.2d 891, at ¶ 8.
 {¶ 22} In his response to Petitioner's motion to dismiss, and in his motion for summary judgment, Petitioner raises several other claims that are likewise barred by res judicata. First, he alleges the trial court abused its discretion in not allowing the withdrawal of his guilty plea. Second, he claims that his plea was not knowingly and intelligently made.
 {¶ 23} However, both of these issues were raised and rejected in Petitioner's direct appeal. Junius at 1-4.
 {¶ 24} Petitioner attempts to circumvent the doctrine of res judicata by claiming he is an "actual innocent." He cites Bousley v. U.S. (1998),523 U.S. 614, 118 S.Ct. 1604, *Page 6 140 L.Ed.2d 828, and Schlup v. Delo (1995), 513 U.S. 298, 115 S.Ct. 851,130 L.Ed.2d 808, in support of his argument. However, as the court inState v. Skatzes, 2d Dist. Nos. 22322, 22484, 2008-Ohio-5387, at ¶ 12, explained:
 {¶ 25} "Ohio courts have not adopted the United States Supreme Court's approach that the equitable nature of habeas corpus precludes application of strict rules of res judicata. State v. Keenan, Cuyahoga App. No. 87713, 2006-Ohio-6031, at ¶ 12. Thus, [a petitioner's] claims of actual innocence have no bearing on whether his arguments are barred by res judicata."
 {¶ 26} For all the foregoing reasons, Petitioner's motion for summary judgment is denied, Respondent's motion to dismiss is granted and the petition for writ of habeas corpus is hereby dismissed.
 {¶ 27} Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.
DeGenaro, P.J., concurs.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1