[Cite as *State v. Williams*, 2013-Ohio-1905.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99136**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIS F. WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-048025

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James M. Price
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. In 1979, a jury convicted defendant-appellant, Willis Williams, of aggravated murder and aggravated robbery. This court affirmed his convictions in *State v. Williams*, 8th Dist. No. 41207, 1980 Ohio App. LEXIS 12807 (Aug. 7, 1980). The Ohio Supreme Court denied leave to appeal on December 15, 1980.

**{¶2}** In 1982, Williams filed his first petition for postconviction relief. The trial court denied the petition, and this court subsequently affirmed the ruling. *State v. Williams*, 8th Dist. No. 46034, 1983 Ohio App. LEXIS 16030 (June 23, 1983).

**{¶3}** Williams filed a second petition for postconviction relief on July 27, 2002. The trial court denied the petition without holding an evidentiary hearing, and this court affirmed the ruling. *State v. Williams*, 8th Dist. No. 85180, 2005-Ohio-3023. The Ohio Supreme Court declined jurisdiction and dismissed Williams's appeal on December 15, 2005. *State v. Williams*, 107 Ohio St.3d 1425, 2005-Ohio-6124, 837 N.E.2d 1209.

**{¶4}** Williams filed pro se on September 16, 2011, a motion requesting leave to file a motion for new trial under Crim.R. 33(A)(1) for irregularity in the proceedings; under Crim.R. 33(A)(2) for misconduct of the jury, prosecuting attorney, or the state's witnesses; and under Crim.R. 33(A)(5) for error of law.[1] The trial court denied the motion on October 15, 2012.

---

[1] As argued on appeal by his counsel, Williams's claims are based on Crim.R. 33(A)(6)

{¶5} This appeal followed.    For the following reasons, we affirm.

{¶6} Williams asserts two assignments of error.    In the first assignment, he argues that the trial court denied him due process of law by overruling his motion for leave for a new trial without a hearing.    In the second assignment of error, Williams argues that the trial court's decision leaves him without an available remedy to redress the injustice imposed on him.    Because these alleged errors are related, we will jointly address them.

{¶7} Crim.R. 33 governs a motion for a new trial, and the decision to grant or deny such a motion is within the sound discretion of the trial court.    *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 82.    The ruling must be unreasonable, arbitrary, or unconscionable to constitute an abuse of discretion.    *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶8} If a motion for a new trial is made on grounds of newly discovered evidence, the motion must be filed within 120 days after a verdict.    Crim.R. 33(B).    If a defendant files a motion for new trial after expiration of the time period specified in Crim.R. 33(B), the defendant must first seek leave of the trial court to file a delayed motion.    *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999), *overruled on other grounds*, *State v. Condon*, 157 Ohio App.3d 26, 2004-Ohio-2031, 808 N.E.2d 912 (1st Dist.).    To obtain leave, the defendant must demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the new evidence within the time period specified by Crim.R. 33(B).    *Id.*    A defendant is unavoidably prevented from

despite how he couched them below as arising under Crim.R. 33(A)(1), (2), and (5).

filing a motion for new trial if, in the exercise of reasonable diligence, he or she has no knowledge of the existence of the evidence or grounds supporting the motion for a new trial, and could not have learned of them within the time provided by Crim.R. 33(B). *Id.*

{¶9} Additionally, "criminal defendants and their trial counsel have a duty to make a 'serious effort' of their own to discover potential favorable evidence." *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14, quoting *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 15. In *Golden*, the appellate court held that the defendant was not unavoidably prevented from discovering a statement made to police by a witness, despite the fact that the state had not disclosed it, because the defendant was well acquainted with the witness. *Id*. at ¶ 15.

{¶10} Williams's motion for leave to file a motion for a new trial was clearly outside the 120-day window established by Crim.R. 33(B). He thus had to establish by clear and convincing proof that he was unavoidably prevented from discovering the "new evidence" as a predicate for obtaining leave.

{¶11} Williams's "new evidence" consists of police investigation reports that contained "exculpatory evidence," but were "withheld" from the defense.[2] Williams never received the police reports because it was the policy of the Cuyahoga County Prosecutor's office in 1979 not to release police reports during discovery based on the version of Crim.R. 16 in place at that time. Williams relies on *State v. Covender*, 9th

---

[2] Williams raised these issues in the trial court as a violation of the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), but he does not rely on *Brady* in this appeal.

Dist. No. 11CA010093, 2012-Ohio-6105, for the proposition that his delay in securing these reports should not be attributed to him and should not preclude him from having a hearing on his request for a new trial.

{¶12} We find the facts in *Covender* to be distinct from the facts here. In *Covender*, the evidence sought was therapy records of child victims who later recanted their statements. Those records, at a minimum, established Covender's right to a hearing on his motion for a new trial. However, the facts here, in *Williams*, do not support such a finding.

{¶13} Even if Williams demonstrated that he was unavoidably prevented from discovering the police reports, his motion still fails to necessitate a hearing because of its lack of influential impact. The Ohio Supreme Court has set forth the relevant factors that such a motion should be premised upon. To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence,

> "it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

*State v. Barnes*, 8th Dist. No. 95557, 2011-Ohio-2917, ¶ 23, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus. Moreover,

> [w]hile the granting of a new trial based on newly discovered evidence obviously involves consideration of newly discovered evidence, the requirement that there be a strong probability of a different result less obviously requires consideration of the evidence adduced at trial. In general, the stronger the evidence of guilt adduced at trial, the stronger the

newly discovered evidence would have to be in order to produce a strong probability of a different result.

*State v. Gillespie*, 2d Dist. No. 24456, 2012-Ohio-1656, ¶ 35.

**{¶14}** According to Williams, the "exculpatory evidence" in the police reports includes the following:

(a) A witness identified an individual other than Williams from a photograph "as looking exactly like suspect # 1 [("L.C.")]." The witness, however, acknowledged that "she couldn't positively make a pick from this photo but would like to view him in a line up." This same witness could not identify Williams in a second photo array. The police report indicates that the witness later stated she was not sure about her initial identification of L.C. Even though the police kept the "suspect wanted" label on L.C., the reporting officer was of the impression that the witness was "backing down" on her identification of L.C. as a suspect.

(b) A second aggravated robbery took place approximately at the same time as the underlying incident in this case. The robbers took an automobile from the site of the second robbery, a beige Pontiac. The police also received a report of a "suspicious black male" in the building next door to the location of the underlying incident. The "suspicious" male entered a beige Pontiac with a second male. Williams's position is that either one or both of the individuals involved in the second robbery committed the crimes underlying his conviction. The police report, however, states that the suspects in the second robbery do not fit the description of the two suspects in the first robbery.

(c) Finally, an anonymous caller contacted the police on March 3, 1979, and provided the names of three individuals who were responsible for the first robbery. Williams was not included in the list.

**{¶15}** Initially, we cannot even review how this "new evidence" compares to the evidence submitted at trial because Williams did not submit a transcript for this appeal. *See State v. Linville*, 12th Dist. No. CA2002-06-057, 2003-Ohio-818, ¶ 5; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *see* App.R. 9; *see also* App.R. 16(A)(7). We can, however, turn to the prior history of this case.

**{¶16}** This court affirmed Williams's convictions in *Williams,* 8th Dist. No. 41207, 1980 Ohio App. LEXIS 12807 (Aug. 7, 1980). We noted in our 1980 opinion that at trial, the state presented nine witnesses and 29 exhibits, and Williams testified on his own behalf. *Id.* at 2. We found that substantial direct and circumstantial evidence supported the attempted robbery, including Williams's admission of the attempted robbery to a friend. *Id.* at 3. We also recognized the substantial abundance of evidence justifying the jury verdict. *Id.* at 4. Finally, we found the jury's verdict was not against the manifest weight of the evidence. *Id.* at 5.

**{¶17}** Williams's final arguments in this appeal relating to his "actual innocence" and an exonerating, but unavailable, witness were raised and rejected in *Williams*, 8th Dist. No. 85180, 2005-Ohio-3023. While the 2005 appeal was from a denial of Williams's second postconviction relief petition, it highlights Williams's use of repetitive arguments:

Williams also claims that he is entitled to relief because the State withheld exculpatory evidence, to wit: Harris. In support of his claim, he attaches Harris' affidavit from 2001, which was "not in existence" at the time Williams filed his direct appeal or his 1982 petition. Harris states in the affidavit that he and Williams went to an exterminating company with the intention of renting some equipment under a false name and then selling it. Harris states that while they were in the store, the "door flew open and this guy busted right in the place, passed right by me and went and grabbed Mann [Williams] by the back of his collar and was telling him to get in the back of the place." Harris fled the store but thought he heard a gunshot as he was running away. The affidavit further provides that the police told him that if he testified for Williams he would be charged in connection with the crime.

The affidavit does not contain any indication that the prosecutor prevented Harris from testifying or made him "unavailable" for 20 years. Although Harris claimed that the police threatened to prosecute him, this does not rise to clear and convincing evidence that no reasonable trier of fact would find Williams not guilty of the offense charged. See R.C. 2953.23(A)(1)(b).

* * *

Williams argues that he was denied due process when the court refused to consider his petition in which he presented evidence of his actual innocence, specifically Harris' affidavit.

*Id.* at ¶ 23-24, 30.

**{¶18}** The same holds true here. Neither Williams's "actual innocence" nor his "unavailable witness" argument alters our conclusion that the "newly" discovered evidence either failed to disclose a strong probability that it would change the outcome in the event of a new trial, was cumulative of other evidence disclosed to the defense and/or presented to the jury at trial, or merely contradicted other evidence. *Barnes*, 8th Dist. No. 95557, 2011-Ohio-2917, ¶ 23. The trial court, therefore, properly denied Williams's motion for leave to file a motion for a new trial without a hearing.

**{¶19}** Williams's assignments of error are overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR