[Cite as *State v. Barnes*, 2011-Ohio-2917.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95557**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID BARNES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530045

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANT**

Samuel R. Smith, II
75 Public Square
Suite 1111
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant David Barnes appeals his conviction in the Cuyahoga County Court of Common Pleas for domestic violence.   For the reasons stated herein, we affirm.

{¶ 2}  On November 5, 2009, Barnes was indicted under a two-count indictment.   Count 1 charged Barnes with domestic violence in violation of

R.C. 2919.25(A)(1) and included a furthermore specification that alleged he had two prior domestic violence offenses, making the offense a third-degree felony. Count 2 charged Barnes with resisting arrest in violation of R.C. 2921.33(A), a fifth-degree felony. Barnes entered a plea of not guilty to the charges, and the case proceeded to a jury trial.

{¶ 3} At trial, testimony and evidence were presented concerning an incident that occurred on October 13, 2009. On that date, the East Cleveland police responded to an apartment on North Taylor Road after receiving multiple calls from anonymous neighbors who reported hearing loud banging, shouting, and a female screaming "help me, help me" and "get off me." Officer Lee Jacobson testified that as he arrived he could hear the screams from 150 feet away and that it was "very scary."

{¶ 4} The officers knocked on the door several times and announced their presence. Officer Jacobson heard the victim's screams get louder: "help me, help me" and "he's attacking me."

{¶ 5} Upon kicking in the door, Officer Jacobson saw the victim lying on the floor covered with blood. He testified that Barnes was standing in an aggressive manner with closed fists, he had blood on his shirt and splattered all over him, and he was not compliant to the verbal commands of the police.

{¶ 6} The victim was Barnes's wife, and both resided in the apartment together. Officer Jacobson separated Barnes and the victim. He observed

blood on Barnes's hands but did not see any injuries to Barnes. Barnes informed the officer that the victim was arguing with him about his drinking and that "he lost it."

{¶ 7} Officer Jacobson spoke to the victim within five to six minutes of entering the apartment. The victim was bleeding around the mouth and had blood all over her face and on her clothes. She also had a scratch and was red around her neck. The victim was extremely emotional, distressed, and shaking. Her voice was "loud and trembling." She informed the officer that "he hit me, he slapped me, he choked me, all because he's been drinking." EMS examined the victim, but she declined transport to the hospital. She completed a domestic violence affidavit. Officer Jacobson proceeded to place Barnes under arrest for domestic violence.

{¶ 8} The victim's sister testified that she met with the victim in October 2009 and observed a bruise on the victim's cheek. After a conversation about how the victim sustained the injury, the victim's sister went with the victim to the police department. She did not know where the victim was residing at the time of trial. She was aware that the victim had recanted matters pertaining to the incident.

{¶ 9} The trial court denied Barnes's motion for acquittal. The jury reached a verdict of guilty on the charge of domestic violence, and not guilty on the charge of resisting arrest. Thereafter, Barnes filed a motion for new

trial that was denied by the trial court. The court sentenced Barnes to a two-year term of community control sanctions.

{¶ 10} Barnes timely filed this appeal. He raises four assignments of error for our review. His first assignment of error provides as follows: "1. The trial court erred in denying appellant's motion for acquittal on the domestic violence charge when the state failed to present sufficient evidence to sustain the conviction."

{¶ 11} A motion for acquittal under Crim.R. 29(A) is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." (Citations and quotations omitted.) Id.

{¶ 12} Barnes was convicted of domestic violence in violation of R.C. 2919.25(A), which provides as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."

R.C. 2901.22(B). "Physical harm" means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶ 13} Barnes argues that there is insufficient evidence to establish that he acted knowingly or to show he caused physical harm to the victim. He claims Officer Jacobson did not personally observe the altercation, the victim declined transport to the hospital, she was not present to testify at trial, and she later informed the prosecutor that she recanted her claim.

{¶ 14} The Ohio Supreme Court has recognized that the trier of fact may properly infer a defendant's mental state from the surrounding circumstances. *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 397 N.E.2d 1345. In this case, the jury heard evidence that a woman, later identified as Barnes's wife, was heard screaming for help and that she was being attacked. When the police entered the apartment, they observed the victim on the floor with blood coming from her mouth and all over her. Barnes was standing with his fists clenched and had blood splattered on him. He told the police that he and the victim had been arguing and that he "lost it." The victim, who was visibly shaken, told police that Barnes had hit, slapped, and choked her.

{¶ 15} We find the trier of fact could infer from the testimony that Barnes knowingly caused physical harm to his wife and could have found the

essential elements of the crime proven beyond a reasonable doubt. We also recognize that the two prior convictions for domestic violence supporting the furthermore clause were stipulated to prior to trial. Barnes's first assignment of error is overruled.

{¶ 16} Barnes's second assignment of error provides as follows: "2. Appellant's conviction is against the manifest weight of the evidence."

{¶ 17} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal citations and quotations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶ 18} The evidence herein reflects that the police responded to a domestic incident; a female was heard screaming "help me" and "get off me"; the officers found the victim on the floor covered in blood and Barnes standing with clenched fists and blood splattered on him; Barnes stated he "lost it" following an argument; the victim was visibly shaken and told the

police that Barnes had hit, slapped, and choked her. After reviewing the totality of the evidence and all reasonable inferences therefrom and considering the credibility of the witnesses, we conclude the jury did not clearly lose its way in finding appellant guilty of domestic violence.

{¶ 19} Barnes's third assignment of error provides as follows: "3. Appellant was denied the effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."

{¶ 20} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland*, 104 S.Ct. at 2065. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

{¶ 21} Barnes argues that his trial counsel was ineffective by failing to timely object to the admittance of his prior domestic violence convictions, in failing to timely object to various statements of hearsay, and in failing to emphasize the discrepancy between Officer Jacobson's testimony and his written report detailing the incident. Our review of the record reflects that Barnes stipulated to his prior domestic violence convictions and no evidence beyond the stipulation was provided to the jury. The record also reflects that defense counsel objected to testimony concerning statements made by the victim to Officer Jacobson; however, following a sidebar, the testimony was deemed admissible under hearsay exceptions. Further, defense counsel thoroughly cross-examined Officer Jacobson regarding discrepancies in his testimony and his written report. We find no deficiency in defense counsel's performance, and the record reflects Barnes received a fair trial. Barnes's third assignment of error is overruled.

{¶ 22} Barnes's fourth assignment of error provides as follows: "4. The trial court erred in denying appellant's motion for new trial because defense counsel discovered new evidence relating to the victim after the verdict was rendered which defense counsel could not have discovered or produced due to representations and withholding of information made by the state of Ohio."

{¶ 23} A motion for new trial is within the sound discretion of the trial court, and the court's ruling on the motion will not be disturbed on appeal

absent an abuse of discretion. *State v. Matthews*, 81 Ohio St.3d 375, 378, 1998-Ohio-433, 691 N.E.2d 1041. To warrant the granting of a new trial on the grounds of newly discovered evidence, "it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

*State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370, at syllabus.

{¶ 24} In moving for a new trial, Barnes submitted an affidavit from the victim in which the victim stated that on January 21, 2010, she informed the assistant county prosecutor that no altercation had taken place, that she was in Atlanta for vacation, and that she would be back in town for the trial date scheduled for February 3, 2010. She stated that she never received a subpoena for that court date. She further indicated in her affidavit that she resides at the same location that the alleged domestic incident occurred.

{¶ 25} The parties concede that prior to trial, defense counsel was advised that the victim had recanted her claim that Barnes committed an act of domestic violence against her. Thus, this information cannot be said to have been newly discovered. Furthermore, we recognize that a motion for a new trial that is based on recanted testimony is looked upon with the utmost

suspicion and is to be granted only when the court is reasonably satisfied that the trial testimony given by a material witness was false. *State v. Braun*, Cuyahoga App. No. 95271, 2011-Ohio-1688, ¶ 39. Here, there was substantial evidence to show that Barnes committed an act of domestic violence against the victim, and we cannot say the trial court abused its discretion in denying his motion for new trial.

{¶ 26} Insofar as Barnes argues defense counsel was under the impression that the victim was outside the jurisdiction and unable to be reached by compulsory process, the record reflects that the victim resided with Barnes at the time of the altercation, the state's bill of particulars indicates the address where the incident occurred, and the victim's own affidavit reflects that she still resides at that address. Thus, the victim's address could have been found through due diligence. The record also reflects that the trial date was reset several times and the victim did not appear when trial commenced on June 16, 2010, despite being subpoenaed. We find no irregularity in the proceedings that prevented a fair trial, no misconduct by the prosecuting attorney that materially affected Barnes's substantial rights, and no other grounds warranting a new trial. See Crim.R. 33. Accordingly, we overrule Barnes's fourth assignment of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR