[Cite as *State v. Ellis*, 2017-Ohio-8581.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105705

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**L'DDARYL ELLIS**

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568532-A

**BEFORE:**   Kilbane, J., E.A. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   November 16, 2017

**APPELLANT**

L'Ddaryl Ellis, pro se
Inmate No. A641-151
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Amy Venesile
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, L'Ddaryl Ellis ("Ellis"), pro se, appeals his convictions and sentence for involuntary manslaughter and murder as well as the trial court's denial of his motion to correct his sentence. For the reasons set forth below, we find that Ellis's arguments are both unpersuasive and precluded by the doctrines of res judicata and the law of the case. Accordingly, we dismiss the instant appeal.

{¶2} This court previously stated the pertinent facts of the present case in *State v. Ellis*, 8th Dist. Cuyahoga No. 99830, 2014-Ohio-116 ("*Ellis I*"), as follows:

> [In November 2012], the Cuyahoga County Grand Jury returned a 14-count indictment against Ellis relating to two separate shooting incidents. Relative to the first incident, the grand jury indicted Ellis on one count of discharge of a firearm on or near prohibited premises and two counts of felonious assault. All three counts contained one and three-year firearm specifications.
>
> Relative to the second incident, wherein [Elissa Hereford ("Hereford"),] a resident of East 95th Street who had been looking through her window, was struck and killed by a bullet. The grand jury indicted Ellis on one count of discharge of a firearm on or near prohibited premises, one count of aggravated murder, one count of murder, and seven counts of felonious assault. The grand jury also indicted Ellis on one count of aggravated riot with purpose to commit or facilitate the commission of any offense of violence. All 11 counts contained one and three-year firearm specifications.
>
> [In December 2012], Ellis pleaded not guilty at the arraignment. Subsequently, numerous pretrials were conducted. Eventually, Ellis executed a waiver of his right to a jury trial, and [in March 2013], a bench trial commenced.
>
> * * *
>
> At the close of the state's case, the trial court granted Ellis's motion for acquittal on six counts. The trial court later found Ellis not guilty of aggravated murder, but considered the lesser included offense of murder, as well as involuntary manslaughter, and found him guilty of involuntary manslaughter with the attached firearm specifications. In addition, the trial court found Ellis guilty of murder, two counts of felonious assault, and the single count of aggravated riot, all with the attached firearm specifications.

On April 15, 2013, Ellis appeared for sentencing. The trial court merged the involuntary manslaughter, felonious assault, and aggravated riot counts with the murder count for sentencing purposes. The trial court then imposed a prison term of 15 years to life to be served after Ellis served three years for the firearm specifications.

*Id.* at _ 2_5, 18_19.

{¶3}   In *Ellis I*, we affirmed all of Ellis's convictions, except the aggravated riot. *Id.* at _ 2.  Ellis subsequently filed an application to reopen his direct appeal in *Ellis I* pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), which was denied.  *See State v. Ellis*, 8th Dist. Cuyahoga No. 99830, 2014-Ohio-3226 (*"Ellis II"*).

{¶4}   In April 2017, Ellis filed a pro se "motion to correct an illegal sentence" with the trial court.   The trial court denied this motion, stating:

In response to [Ellis's] motion to correct an illegal sentence, motion is denied. [Ellis] argues that he could not be legally convicted of Count 6 felony murder * * * and Count 5, the lesser-included offense of involuntary manslaughter * * * for the death of a single person.  This argument flies in the face of well-established and unassailable statutory and decisional law and is rejected.  The court properly merged [Ellis's] convictions for Counts 5 and 6 (along with some other counts) into a single conviction for Count 6 and issued one sentence thereon. [Ellis] incorrectly argues that each of these two counts depended upon his conviction for Count 9 felonious assault.  Both Counts 5 and 6 may have contained an element referring to the commission or attempt to commit a felonious assault.  The latter elements however[,] are independent of whether [Ellis] was or was not convicted of the specific felonious assault alleged in Count 9.

{¶5}    It is from this order that Ellis now appeals, raising the following assignments of error for our review:

### Assignment of Error One

The trial court erred when it sentenced [Ellis] to a void/illegal sentence in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

### Assignment of Error Two

The trial court erred when it refused to vacate the charge of felony murder with predicated offense of felonious assault attached as [Ellis] asserts it is not a cognizable crime in Ohio in violation of [Ellis's] due process rights to the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

{¶6}    We note that these assignments of error are nearly identical to the arguments raised in Ellis's pro se motion that the trial court denied.   Throughout his brief, Ellis argues that the trial court erred in rejecting these arguments.

{¶7}    In the first assignment of error, Ellis argues that he could not be convicted of both murder and involuntary manslaughter.

{¶8}    Ellis has previously raised this argument, and we determined in *Ellis II* that it is unpersuasive.   We held:

Ellis's first argument is that his double jeopardy rights were violated.  He seems to maintain that his multiple indictments and convictions subjected him to be twice put in jeopardy for the same offense.  In other words[,] a determination of guilt on one count of a multicount indictment immediately raises a double jeopardy bar to prosecution on the remaining counts.  The United States Supreme Court rejected that argument in *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).  The double jeopardy [c]lause is not implicated by continuing prosecution on the other charges in the indictment.  *Id*. at 435.  To the extent that Ellis argues that he was punished multiple times for the same crime, the argument is ill-founded.  The trial court merged all the counts relating to [Hereford's] death and pursuant to law sentenced only on one count, murder.  Moreover, appellate counsel argued that all of the counts should have been merged and, thus, could not be considered ineffective for failing to argue double

jeopardy. Moreover, res judicata also bars this argument because Ellis raised the issue in his pro se App.R. 26(A) motion for reconsideration, which this court denied.

*Id*. at _ 9.

**{¶9}** Thus, Ellis's first assignment of error is barred by the doctrine of res judicata.

**{¶10}** In the second assignment of error, Ellis, relying on *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, argues that his murder conviction should be vacated because "it is not a cognizable crime in Ohio." In *Nolan*, the Ohio Supreme Court determined that "[a]ttemped felony murder is not a cognizable crime in Ohio." *Id*. at syllabus. The defendant in *Nolan* was convicted of *attempted* murder; Nolan's victim did not die as a result of Nolan's actions. In the present case, Ellis was convicted of murder, not an attempt of this crime. *Nolan* is distinguishable from the instant case and its holding is inapplicable to Ellis's murder conviction.

**{¶11}** Moreover, as discussed above, this court has previously upheld Ellis's convictions of murder and involuntary manslaughter in his direct appeal. *See Ellis I*. When an appellate court affirms the convictions in an appellant's first appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them are barred. *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 11, *State v. Harrison*, 8th Dist. Cuyahoga No. 88957, 2008-Ohio-921, _ 8.

**{¶12}** Based on the foregoing, Ellis's arguments, in addition to being unpersuasive, are barred by the doctrines res judicata and the law of the case.

**{¶13}** Appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR