[Cite as *State v. Cody*, 2019-Ohio-2824.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                         Nos. 107595, 107607, and 107664

    v.                              :

JOHN CODY,                              :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 11, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-12-565050-A

---

### *Appearances:*

Dave Yost, Ohio Attorney General, and Brad L. Tammaro,
Assistant Attorney General, *for appellee.*

John Cody, *pro se.*

LARRY A. JONES, SR., J.:

{¶ 1} Pro se defendant-appellant, John Donald Cody ("Cody"), a.k.a. Bobby Thompson, appeals the trial court's decision to deny his postconviction petition. Finding no merit to the appeal, we affirm.

{¶ 2} In 2013, Cody was convicted of one count each of engaging in a pattern of corrupt activity, complicity to commit theft, tampering with records, complicity to tamper with records, and identity fraud; seven counts of complicity to commit money laundering, and 11 counts of identity fraud after bilking Ohio donors of approximately $2 million in a sham charity scam. The trial court imposed a total sentence of 28 years in prison and ordered that Cody spend every Veterans Day in solitary confinement.

{¶ 3} Cody filed a direct appeal. In *State v. Thompson*, 8th Dist. Cuyahoga No. 100797, 2015-Ohio-2261, this court found that the state of Ohio did not have jurisdiction over the 11 counts of identity fraud contained in Counts 13 through 23 and vacated his convictions on those counts. This court also held that the trial court's decision to sentence Cody to solitary confinement each Veterans Day was contrary to law but overruled his assignment of error that challenged the admission of certain evidence. *Id.* at ¶ 29-30.

{¶ 4} While his appeal was pending, Cody filed a postconviction petition. In his petition, Cody raised five claims: (1) ineffective assistance of counsel; (2) lack of jurisdiction related to money laundering and identity theft charges; (3) the state's failure to provide full discovery; (4) issues with regard to his detention prior to and during trial; and (5) prosecutorial misconduct before and during trial.

{¶ 5} The state filed a memorandum contra, motion for summary judgment, and proposed findings of fact and conclusions of law. The trial court

granted the state's motion for summary judgment, denying Cody's postconviction petition. The court also adopted the state's findings of fact and conclusions of law.

{¶ 6} Cody appealed the denial of his postconviction petition. *State v. Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764. Cody raised nine assignments of error, claiming: (1) trial counsel was ineffective because counsel refused to pursue certain witnesses that would have established that Cody was working for the CIA; and did not pursue a line of defense that Cody was medically incompetent to stand trial or assist in his defense due to beatings he received in jail; (2) the trial court abused its discretion by denying his petition based on his argument that Counts 3-9 and 13-23 of the indictment should have been dismissed; (3) exculpatory evidence was withheld from him; (4) the trial court should have held a hearing on his claim that his sentence was discriminatory, disproportionate, and excessive; (5) the trial court erred when it did not hold a hearing on his claims against the prosecutor; (6) the trial court erred in granting summary judgment in favor of the state; (7) the trial court erred in granting summary judgment to the state without holding an evidentiary hearing to determine Cody's credibility; and (8) and (9) the trial court erred in adopting the state's findings of fact and conclusions of law.

{¶ 7} This court upheld the denial of his postconviction petition, finding that (1) his petition was barred by res judicata (assignments of error 1, 2, and 3); (2) Cody did not show he was entitled to a hearing on his postconviction petition (assignments of error 4 and 5); (3) the trial court did not err in granting summary

judgment without holding a hearing (assignments of error 6 and 7); and (4) the trial court did not err in adopting the state's proposed findings of fact and conclusions of law (assignments of error 8 and 9).

{¶ 8} Cody subsequently appealed this court's decision to the Ohio Supreme Court, which declined his discretionary appeal. *State v. Cody*, 143 Ohio St.3d 1501, 2015-Ohio-4468, 39 N.E.3d 1271. He also filed a petition for a writ of certiorari in the Supreme Court of the United States that was denied. *Thompson v. Ohio*, 136 S.Ct. 2023, 195 L.Ed.2d 228 (2016).

{¶ 9} In 2017, Cody filed an App.R. 26 application to reopen his appeal with this court, claiming ineffective assistance of appellate counsel. This court denied his application. *State v. Cody*, 8th Dist. Cuyahoga No. 100797, 2017-Ohio-1543. The Ohio Supreme Court and United States Supreme Court declined jurisdiction. *State v. Cody*, 150 Ohio St.3d 1411, 2017-Ohio-6964, 78 N.E.3d 910 and *Cody v. Ohio*, 138 S.Ct. 668, 199 L.Ed.2d 556 (2018).

{¶ 10} Cody also filed a complaint in federal court against 15 defendants alleging multiple causes of action, including denial of access to courts, retaliation, denial of due process, denial of equal protection, unlawful search and seizure of property, subjection to cruel and unusual punishment, violations of the Americans with Disabilities Act, and numerous state law claims. *See Cody v. Slusher*, N.D.Ohio No. 1:17-CV-00132, 2017 U.S. Dist. LEXIS 90716 (June 13, 2017). His federal case was recently dismissed without prejudice. *See Cody v. Slusher*, N.D.Ohio No. 1:17-CV-00132, (June 24, 2019).

{¶ 11} As it pertains to the instant appeal, on May 11, 2018, Cody filed a "Motion to Correct Record." The trial court denied his motion on May 15, 2018. Cody did not timely appeal the court's denial; instead he later filed a motion for leave to file a delayed appeal. We denied his motion and dismissed his appeal as untimely. *State v. Cody*, 8th Dist. Cuyahoga No. 107471. The Ohio Supreme Court declined jurisdiction. *State v. Cody*, 153 Ohio St.3d 1506, 2018-Ohio-4285, 109 N.E.3d 1261.

{¶ 12} Cody subsequently filed a "Petition to Vacate Judgment of Conviction and Sentence made 12.16.2013," which was virtually identical to his May 11, 2018 "Motion to Correct Record." The trial court denied his petition, which became the basis for Cody's notice of appeal in 8th Dist. Cuyahoga No. 107664.

{¶ 13} On June 13, 2018, Cody filed a "Motion for Leave to File (Delayed) Motion for New Trial." On July 5, 2018, Cody filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," which is identical in substance to his June 13, 2018 motion for leave.

{¶ 14} Thompson filed two other notices of appeal with this court, 8th Dist. Cuyahoga Nos. 107595 and 107607. In appeal No. 107595, Cody appeals the trial court's denial of his "Motion for Leave to File (Delayed) Motion for New Trial." In appeal No. 107607, Cody appeals the trial court's denial of his "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." This court consolidated the three appeals for briefing and disposition.

{¶ 15} On appeal, Thompson raises numerous assignments of error, which are difficult to decipher. For clarity, we have broken his arguments down to two

assigned errors. In the first assignment of error, Cody argues that he was not properly informed of his sentence on Count 1, engaging in a pattern of corrupt activity. In the second assignment of error, Cody argues that there is "new evidence" that is both "material" and "outcome determinative" and he should be granted a new trial and postconviction relief.

**Law of the Case**

{¶ 16} In his first assignment of error, Cody claims that the trial court was without jurisdiction to sentence him on Count 1, engaging in a pattern of unlawful activity; therefore his sentence is void and should be vacated. As mentioned, Cody filed a "Motion to Correct Record," on May 11, 2018, that the trial court denied. He did not timely appeal the court's decision. Instead, Cody filed a motion for leave to file a delayed appeal with this court. We denied his motion and dismissed his appeal. *Cody*, 8th Dist. Cuyahoga No. 107471, motion No. 519649 (July 25, 2018).

{¶ 17} On August 6, 2018, Cody filed a motion titled "Petition to Vacate Judgment of Conviction and Sentence made 12.16.2013," which is virtually identical to his May 11, 2018 "Motion to Correct Record." The only difference between the two motions was the cover page and a conclusory paragraph that Cody added to his August 2018 petition. On August 14, 2018, the trial court denied his petition and Cody is appealing that denial (appeal No. 107664).

{¶ 18} The law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v.*

*Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. *Id.* "Adverse rulings by the trial court in response to the repeated filings of substantively identical motions in no way constitutes a legitimate legal basis for a continuation of [a] properly concluded case." *State v. Hill*, 6th Dist. Lucas No. L-16-1086, 2016-Ohio-8529, ¶ 8 – 9.

{¶ 19} In addition, as discussed above, this court upheld Cody's convictions in his direct appeal (except for Counts 13 – 23). "When an appellate court affirms the convictions in an appellant's first appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them are barred." *State v. Ellis*, 8th Dist. Cuyahoga No. 105705, 2017-Ohio-8581, ¶ 11, citing *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 11.

{¶ 20} Because the trial court denied Cody's motion to correct the record and this court dismissed his appeal of that decision as untimely, an identical successive motion to correct the record is prohibited. Thus, the trial court did not err in denying Cody's August 6, 2018 motion to vacate his conviction and sentence.

{¶ 21} Moreover, under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). A trial

court may dismiss a petition on the basis of res judicata if an issue was or should have been raised on direct appeal. *State v. Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110, ¶ 10, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Even if the denial of Cody's motion was before us in a properly pled postconviction petition, Cody's claim would be barred by res judicata.

{¶ 22} In *Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764, where this court denied his postconviction petition, Cody argued that the trial court was without jurisdiction to sentence him on Counts 3 – 9 and Counts 13 – 23. *Id.* at ¶ 20. This court noted that in his direct appeal, Cody raised a jurisdictional challenge as to the identity fraud counts, Counts 13 to 23, and stated that Cody "certainly could have raised any argument with respect to jurisdiction on the money laundering convictions, Counts 3-9, in that appeal as well if he wanted to challenge the trial court's jurisdiction and venue. Because he did not, his claim is barred by res judicata." *Id.* at ¶ 22.

{¶ 23} Likewise, Cody could have raised an argument on direct appeal with respect to Count 1, engaging in a pattern of unlawful activity. He did not; therefore, his claim is barred by res judicata.

{¶ 24} Therefore, pursuant to the law-of-the-case doctrine and res judicata, Cody's argument that his sentence on Count 1 should be vacated is barred and appeal No. 107664 is not well taken.

{¶ 25} The first assignment of error is overruled.

**Motion for a New Trial and Postconviction Petition**

{¶ 26} In the second assignment of error, Cody contends that the trial court erred in denying his motion for a new trial and motion for postconviction relief. As previously stated, Cody filed nearly identical motions on June 13 and July 5, 2018, both of which the trial court denied.

**Motion for New Trial**

{¶ 27} As it pertains to this case, Crim.R. 33(A)(2) and (A)(6) provide that a new trial may be granted on motion of the defendant based on misconduct of the prosecuting attorney or "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) provides that a motion for new trial upon the ground of newly discovered evidence must be filed within 120 days after the verdict was rendered unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he [or she] must rely" within the 120-day period.

{¶ 28} A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 29} A defendant will be granted leave to file a delayed motion for new trial based on newly discovered evidence only if he or she has "demonstrate[d] by clear and convincing evidence that he [or she] was unavoidably prevented from discovering the new evidence within the time period provided by Crim.R. 33(B)." *State v. Sawyer*, 8th Dist. Cuyahoga No. 25911, 2005-Ohio-6486, ¶ 11.

> The standard of 'clear and convincing evidence' is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 18. Thus, the trial court could have only properly granted Cody's request for leave to file his motion for new trial if it found Cody clearly and convincingly demonstrated that he was unavoidably prevented from discovering the facts upon which he based his motion for new trial within 120 days of the verdict.

{¶ 30} In addition, a motion for a new trial based on newly discovered evidence will only be granted if the defendant shows:

> [T]hat the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Smith*, 8th Dist. Cuyahoga No. 100588, 2014-Ohio-4799, ¶ 10; *State v. Barnes*, 8th Dist. Cuyahoga No. 95557, 2011-Ohio-2917, ¶ 23.

**Postconviction Relief**

{¶ 31} The postconviction petition filed in this case is not Cody's first postconviction petition. S*ee Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764. The instant petition was filed more than four years after Cody's convictions. His petition is untimely under both the current and prior version of R.C. 2953.21.[1] R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 32} "'[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of

---

[1]The prior version of R.C. 2953.21, which was effective at the time of Cody's convictions in 2013, stated a postconviction petition had to be filed within 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The current version states a postconviction petition has to be filed within 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.'" *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.

**The trial court did not abuse its discretion in denying Cody's motions**

{¶ 33} Cody submitted the following in support of his motions: (1) various statements purportedly made by the prosecutor that Cody claims show the state knew he was involved with the CIA; (2) Cody's 19-page affidavit; (3) Cody's curriculum vitae; (4) the CIA's response to Cody's Freedom of Information Act request dated January 29, 2018; (5) a 1973 redacted letter from a law firm based in Hawaii that purports to list the name "John Cody" as one of the firm's associates; (6) various transcripts and court filings; and (7) a letter from the Office of Government Information Services dated April 19, 2018, explaining the CIA's response to Cody's Freedom of Information Act request.

{¶ 34} We have reviewed Cody's motions and evidence in support of his motions. None of the documents attached to Cody's request for leave clearly and convincingly demonstrate that he was unavoidably prevented from discovering the evidence on which he relies; therefore, he was required to file his request for leave either within 120 days of the verdict (for a motion based on newly discovered evidence) or within 14 days of the verdict (for any of the other permissible reasons

enumerated in Crim.R. 33(A)).  Cody's request for leave to file his motion for new trial is untimely under Crim.R. 33.

{¶ 35} Cody's postconviction petition is likewise untimely.  Cody has not shown that he was unavoidably prevented from discovering any purported new evidence.

{¶ 36} Therefore, the trial court's decision to deny the untimely Crim.R. 33 motion and postconviction petition are affirmed and the second assignment of error is overruled.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR