[Cite as *State v. Cody*, 2020-Ohio-4566.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108913 |
| v. | : | |
| JOHN DONALD CODY, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 24, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-565050-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Dave Yost, Ohio Attorney General, and Brad L. Tammaro, Assistant Attorney General and Special Prosecuting Attorney, *for appellee.*

John Donald Cody, *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant John Donald Cody ("Cody") appeals from the denial of his petition to vacate or set aside his conviction. For the reasons that follow, we affirm.

## Procedural and Substantive History

{¶ 2} In 2013, a jury convicted Cody of engaging in a pattern of corrupt activity, complicity to commit theft, tampering with records, complicity to tamper with records, identity fraud, and complicity to commit money laundering. The trial court sentenced him to 28 years in prison and ordered that he spend every Veteran's Day in solitary confinement. The court also imposed a fine in the amount of $6,345,114.57. Finally, the court ordered Cody to forfeit $981,650 to the state pursuant to R.C. 2923.32(B)(3). These convictions were the result of Cody's creation of a fictitious charity, the United States Naval Veteran's Association, and subsequent unlawful procurement of millions of dollars through this entity.

{¶ 3} In his direct appeal, Cody challenged the trial court's jurisdiction, the admission of certain evidence, and the court's decision to sentence him to solitary confinement. This court vacated Cody's convictions for identity fraud, vacated the 12-month sentence imposed on those convictions, and vacated the portion of his sentence ordering him to spend Veteran's Day in solitary confinement. *State v. Cody*, 2015-Ohio-2261, 34 N.E.3d 189 (8th Dist.).

{¶ 4} While his direct appeal was pending, Cody filed a petition for postconviction relief, raising claims for ineffective assistance of counsel, lack of jurisdiction, the state's failure to provide full discovery, his pretrial detention, and prosecutorial misconduct. The trial court denied Cody's petition, and this court affirmed that denial. *State v. Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764. Cody appealed this decision to the Ohio Supreme Court, which declined his

discretionary appeal.  *State v. Cody*, 143 Ohio St.3d 1501, 2015-Ohio-4468, 39 N.E.3d 1271.  He also filed a petition for a writ of certiorari in the Supreme Court of the United States that was denied.  *Thompson v. Ohio*, 578 U.S.____, 136 S.Ct. 2023, 195 L.Ed.2d 228 (2016).[1]

{¶ 5}  In 2017, Cody filed an App.R. 26 application to reopen his appeal with this court, claiming ineffective assistance of appellate counsel.  One of Cody's arguments in this application was that his appellate counsel should have argued that it was improper to impose a superfine and the costs of the prosecution against an indigent defendant.  This court denied his application.  *State v. Cody*, 8th Dist. Cuyahoga No. 100797, 2017-Ohio-1543.  In denying his application, this court stated that not only did R.C. 2923.32(B)(2) explicitly authorize the fines and costs, the trial court also specifically relied on that statute in imposing them, and the court noted "the millions of dollars that were taken, the amount of money unaccounted for, and the damage done to the good will of charities."  *Id.* at ¶ 26.  The Ohio Supreme Court and the United States Supreme Court declined jurisdiction.  *State v. Cody*, 150 Ohio St.3d 1411, 2017-Ohio-6964, 78 N.E.3d 910, and *Cody v. Ohio*, 583 U.S.____, 138 S.Ct. 668, 199 L.Ed.2d 556 (2018).

{¶ 6}  Cody also filed a complaint in federal court against 15 defendants alleging multiple causes of action, including denial of access to courts, retaliation,

---

[1] Prior to his sentencing in the trial court, Cody was referred to as Bobby Thompson in the case caption.  The caption was subsequently changed to reflect that his name is John Donald Cody a.k.a. Bobby Thompson, but the 2016 Supreme Court case caption uses his alias.

denial of due process, denial of equal protection, unlawful search and seizure of property, subjection to cruel and unusual punishment, violations of the Americans with Disabilities Act, and numerous state law claims, that was dismissed without prejudice. *See Cody v. Slusher*, N.D.Ohio No. 1:17-CV-00132, 2017 U.S. Dist. LEXIS 90716 (June 24, 2019).

{¶ 7} Subsequently, Cody filed a "Petition to Vacate Judgment of Conviction and Sentence made 12.16.2013," a "Motion for Leave to File (Delayed) Motion for New Trial," and a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." The trial court denied these petitions, and in a consolidated appeal, this court affirmed the judgment of the trial court, relying in part on res judicata and the law-of-the-case doctrine. *State v. Cody*, 8th Dist. Cuyahoga Nos. 107595, 107607, and 107664, 2019-Ohio-2824.

{¶ 8} On April 10, 2019, while the consolidated appeal was pending, Cody filed a "Petition to Vacate or Set Aside Judgment of Conviction Sentence." The trial court denied this petition on April 15, 2019. It is from this denial that Cody brings the instant pro se appeal, presenting, verbatim, the following three assignments of error for our review:

> ASSIGNMENT OF ERROR NO. 1
> The common pleas court imposed forfeiture, fines and costs upon the defendant Cody at sentencing in violation of the *solo destituto* standard announced in *Timbs v. Indiana*, *infra*.

> ASSIGNMENT OF ERROR NO. 2
> The common pleas court imposed forfeiture and costs upon defendant Cody at sentencing in violation of *solo destituto* standard of *Timbs v.*

> *Indiana*, *infra*, failing to make a review and analysis of the *solo destituto* standard and its application, as also required by *Timbs*, *infra*.
>
> ASSIGNMENT OF ERROR NO. 3
> Sentencing counsel was ineffective for failing to investigate Cody's claims of *solo destituto* and indigency; and for failing to present those claims in mitigation at sentencing.

## Law and Analysis

{¶ 9} In his first two assignments of error, Cody challenges the trial court's denial of his third petition for postconviction relief. The basis for the third petition and his argument on appeal is that the fine, court costs, and forfeiture imposed by the trial court violate the prohibition against excessive fines laid out in *Timbs v. Indiana*, 586 U.S.____, 139 S.Ct. 682, 203 L.Ed.2d 11 (2019). In his third assignment of error, Cody argues that his trial counsel was ineffective for failing to raise his indigent status when the trial court imposed his sentence.

{¶ 10} Generally, we review a trial court's denial of a postconviction-relief petition for an abuse of discretion. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 46. Pursuant to R.C. 2953.23(A), a prisoner is only permitted to file an untimely, successive petition for postconviction relief under specific, limited circumstances. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 22. "'[W]hether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction

relief is a question of law, which appellate courts review de novo.'" *Id.* at ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 11} As recognized by the Supreme Court of Ohio in *Apanovitch*, "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Id.* at ¶ 26.

{¶ 12} This is Cody's third postconviction petition. The petition in this case was filed six years after he was convicted and, therefore, the petition is untimely pursuant to R.C. 2953.21. R.C. 2953.21(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely on to present the claim for relief, or, subsequent to the period described in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

Cody asserted that his petition was timely because it was based on a newly recognized right determined in *Timbs*.

{¶ 13} In *Timbs*, the United States Supreme Court held that the Eighth Amendment's prohibition against excessive fines was an incorporated protection applicable to the States under the Fourteenth Amendment's Due Process Clause. In *Timbs*, the state of Indiana seized Timbs's Land Rover SUV when he was arrested for drug offenses. Following Timbs's conviction in Indiana state court for these drug offenses, the state initiated a civil forfeiture action for the vehicle. The maximum monetary fine assessable against Timbs for his drug conviction was $10,000, and the vehicle was worth more than four times that amount. The trial court held that the vehicle's forfeiture would be grossly disproportionate to the gravity of Timbs's offense, and therefore unconstitutional under the Eighth Amendment's Excessive Fines Clause. This holding was reversed by the Indiana Supreme Court, which held that the clause did not restrict state action. The United States Supreme Court reversed, finding that the Excessive Fines Clause applies to the states. *Timbs*, 586 U.S.___, 139 S.Ct. 682, 203 L.Ed.2d 11.

{¶ 14} We reiterate that Cody has already unsuccessfully argued that his counsel was ineffective for failing to challenge the imposition of financial sanctions. The only difference between Cody's argument in his 2017 application to reopen his appeal and his argument in the instant petition is his reliance on *Timbs*. This reliance is misplaced for several reasons.

{¶ 15} First, unlike the Indiana Supreme Court, the Ohio Supreme Court has long recognized that the Excessive Fines Clause of the Eighth Amendment applies to the states. *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994). Moreover,

Ohio has its own identical prohibition against excessive fines in Section 9, Article I of the Ohio Constitution. Thus, while Cody stated in his petition that *Timbs* recognized a new federal right so as to allow him to file a successive petition outside of the time requirements in R.C. 2953.21, the alleged right was available to him prior to *Timbs*.

{¶ 16} Because Cody has not satisfied the exception under R.C. 2953.23(A)(1), the trial court lacked subject-matter jurisdiction over his petition for postconviction relief. *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 38.

{¶ 17} Further, even if Cody's claims were properly before this court, they lack merit. Unlike in *Timbs*, 586 U.S.___, 139 S.Ct. 682, 203 L.Ed.2d 11, the forfeiture Cody attempts to challenge here was the seizure of stolen property upon his arrest. In *Timbs*, evidence showed that the vehicle had been legally purchased by Timbs and was not related to his criminal offenses. Cody has presented no evidence to support his assertion that the nearly $1 million in cash seized when he was arrested after a two-year nationwide manhunt was his property, rather than a small portion of the money that he stole under the guise of his charity.

{¶ 18} With respect to the fine imposed, as stated above, this court has already held that the fine was appropriate. *Cody*, 8th Dist. Cuyahoga No. 100797, 2017-Ohio-1543, at ¶ 26. In his application to reopen his appeal, Cody unsuccessfully argued that his appellate counsel was ineffective for failing to challenge the constitutionality of the financial sanctions. This court held that

R.C. 2923.32(B)(2) explicitly authorized the imposition of both the fine and the costs, and the trial judge appropriately relied on the statute and the record in imposing them.

{¶ 19} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Gravamen v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). When a petitioner seeks postconviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata. *State v. Tucker*, 8th Dist. Cuyahoga No. 84595, 2005-Ohio-109, ¶ 11, citing *State v. Edwards*, 8th Dist. Cuyahoga No. 73915, 1999 Ohio App. LEXIS 894 (Mar. 11, 1999). In order to overcome the res judicata bar, the petitioner must show, through the use of extrinsic evidence, that they could not have appealed the original constitutional claim based on the information in the original trial record. *State v. Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764, at ¶ 16, citing *State v. Combs*, 100 Ohio App.3d 90, 97-98, 652 N.E.2d 205 (1st Dist.1994). Cody has not overcome res judicata here.

{¶ 20} Based on the foregoing, we find that the trial court lacked subject-matter jurisdiction to consider Cody's postconviction petition, and even if it had jurisdiction, the petition lacked merit. Cody's first and second assignments of error are overruled.

{¶ 21} In his third assignment of error, Cody argues that his counsel was ineffective for failing to investigate his claims of solo destituto and indigency and present those claims in mitigation at sentencing. To the extent that this argument is also based on *Timbs*, 586 U.S.____, 139 S.Ct. 682, 203 L.Ed.2d 11, we reiterate that such an argument was not timely. Further, Cody's ineffective assistance of counsel argument is barred by res judicata because this claim has been litigated and found meritless. Therefore, Cody's third assignment of error is overruled.

{¶ 22} Finally, the court cautions Cody that his conduct through the continued filing of appeals and original actions may result in his being declared a vexatious litigator pursuant to Loc.App.R. 23(A). *See State v. Perry*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547, ¶ 12.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR